FRANK MARZOTTO, PLAINTIFF, v. GAY GARMENT CO., ET AL., DEFENDANTS.

NATHAN PECKERMAN, CROSS-CLAIMANT, v. 54-62 SUMMER AVE. CORP., DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 21, 1951.

*Mr. Bernard Shurkin,* attorney for cross-claimant.

*Messrs. Harkavy and Lieb,* attorneys for defendant, 54-62 Summer Ave. Corp.

COLIE, J. S. C. This case is before the court upon a motion to dismiss the cross-claim filed by Nathan Peckerman against 54-62 Summer Ave. Corp.

An understanding of the matter requires a summary of the proceedings heretofore had in the case. In 1947 one Marzotto, while walking past premises owned by the defendant 54-62 Summer Ave. Corp., was injured by the fall of glass from that portion of the building in which the defendant, Peckerman, was a tenant. Marzotto sued both the landlord and the tenant and recovered a judgment for $3,000 against both. On appeal the judgment was reversed and the cause remanded for retrial. *Marzotto v. Gay Garment Co.*, 11 *N. J. Super*. 368 (*App. Div.* 1951), affirmed 7 *N. J.* 116 (1951). Since the opinion of the Appellate Division fully sets forth the factual situation, it is not repeated. In May, 1951, Peckerman, the tenant, filed a cross-claim asserting that the fall of the glass was due to negligence of the landlord; that such negligence was a breach of the duty owed to Peckerman under his lease; that Peckerman became liable to Marzotto and, under the terms of the lease between Peckerman and the landlord, the cross-claimant was entitled to recover his damages from the landlord. After the filing of the cross-claim, Marzotto settled his claim for $3,000, of which the landlord paid $2,000, the tenant $1,000. Releases were given and the suit of Marzotto v. 54-62 Summer Ave. Corp. and Peckerman discontinued.

The cross-claimant's right of action is based upon a clause in the lease providing that "the landlord shall make exterior repairs." He asserts that since Marzotto's injury was due to a failure by the landlord to make repairs, the tenant sustained damages arising from such breach, *i. e.*, the $1,000 which Peckerman paid to Marzotto, together with the costs of the tenant on the appeal and trial, with counsel fee.

The motion to dismiss the cross-claim is predicated upon the following grounds:

First, that the claim is barred by *R. S.* 2 :24–2 which reads: "All actions for injuries to the person * * * shall

be commenced within two years next after the cause of any such action shall have accrued, and not thereafter." This point has been decided to the contrary in *Fryer v. Mount Holly Water Co.*, 87 *N. J. L.* 57 (*Sup. Ct.* 1915).

Second, it is argued that the decision of the appellate courts is *res adjudicata* of the fact that the cross-claimant and the defendant corporation were joint tort-feasors. On that premise the argument then is that since there can be no contribution between joint tort-feasors, there can be no recovery in this action. The fallacy in this argument is the false premise that the opinion on appeal passed upon the question of whether the appellants in the appeal before it were joint tort-feasors. It did not. Whether or not the relation between the defendants Peckerman and 54-62 Summer Ave. Corp. was that of joint tort-feasors was one of the questions that would have been decided had the original suit of Marzotto been retried. Since it was not, the question is open.

Third, it is argued that the payment of $1,000 by Peckerman, the acceptance by him of a general release from Marzotto and consent to a dismissal of the action of Marzotto v. Peckerman, *et als.*, is an admission of negligence on his part and estops him from asserting the present claim against his landlord. When Peckerman paid his part of the settlement of Marzotto's claim, he was under no legal compulsion so to do. The payment was voluntary. It was not paid as the result of duress, fraud, mistake, or failure of consideration. The situation is that the two defendants, either or both of whom might have been held responsible to answer in damages to Marzotto, agreed that they would resolve that problem by paying him a certain sum of money and thereby purchase their peace. This they did and with full knowledge of the effect of doing so. To now hold that Peckerman and 54-62 Summer Ave. Corp. intended to leave open any item for subsequent negotiation or litigation between them does not appeal to common sense. For the purpose of the Marzotto settlement, the defendants each admitted their respective risk of liability to Marzotto, and with that risk in mind, a

settlement was consummated and the respective amounts that each would contribute thereto agreed upon.

The agreement between the tenant and landlord by which they rid themselves of the potential liability in the Marzotto suit was based, in part at least, upon an admeasurement of the relative risks that the defendants in the suit of Marzotto felt existed. When the proportion was determined and the settlement consummated, each had surrendered the right to fix upon the other defendant the entire liability to Marzotto. The cross-claimant is thereby estopped from asserting a claim against the landlord.

Motion to dismiss granted.